IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT CLINTON LAIR,

    Plaintiff,

v.

BRANCH MD, et al.,

    Defendants.

No. C 15-02772 HRL (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner at Correctional Training Facility in Soledad, California, has filed a complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal with Leave to Amend
P:\PRO-SE\HRL\CR.15\02772Lair_dwlta.wpd

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Discussion**

Plaintiff brings suit against Dr. Branch and Warden Spearman, as well as against a Doe defendant whom he identifies as either the Chief Medical Officer or Chief Medical Examiner. (Compl. at 2.) Plaintiff claims that he has an infection or hernia and that his doctors are ignoring his surgeon's advice to run more tests. (Id. at 3.) Plaintiff further claims that the doctors' inaction have left him in "terrible pain" since May 8, 2015; that he has lost 15 pounds; that he throws up daily; and that he has watery bowl movements. (Ibid.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's

proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, Plaintiff's allegations make no specific mention of either Dr. Branch, Warden Spearman, or the CMO or CME. Plaintiff's complaint is therefore insufficient for this Court to discern how the named defendants specifically acted to violate his rights. He will be granted leave to amend to address this deficiency.

In preparing an amended complaint, Plaintiff must allege sufficient and specific facts indicating what federal rights were violated, and how each defendant acted, under color of law, to deprive him of those rights. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633 (inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff is cautioned that under no circumstances is there respondeat superior liability under § 1983. Lemire v. Cal. Dep't. of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013). Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680–81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003–04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir.2012).

Plaintiff is further cautioned that he must have exhausted his administrative remedies before filing suit in federal court. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). From the face of Plaintiff's complaint, it does not appear that Plaintiff has exhausted his administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order – Case No. C 15-02772 HRL (PR) – and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint will completely supersede the original complaint, and Plaintiff may not make references thereto.

**Failure to respond in accordance with this order by filing an amended**

**complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 6/24/15

HOWARD R. LLOYD
United States Magistrate Judge